# Exhibit A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

February 7, 2019

**GALAXY RESTAURANTS CATERING GROUP, LP**
Angela Anderson
Elior, Inc.
1751 W Co Road B, Suite 300
ROSEVILLE MN 55113

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

**Item: 2019-53**

| | | |
|---|---|---|
| 1. | Client Entity: | GALAXY RESTAURANTS CATERING GROUP, LP |
| 2. | Title of Action: | Paul Plotkin vs. Galaxy GP, LLC and Galaxy Restaurants Catering Group, LP |
| 3. | Document(s) Served: | Summons<br>Statement of Damages<br>Complaint |
| 4. | Court/Agency: | Commonwealth of Boston Municipal Court |
| 5. | State Served: | Delaware |
| 6. | Case Number: | 1901CV8 |
| 7. | Case Type: | Non-Payment of Overtime Wages in Violation of M.G.L., etc. |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Wednesday 2/6/2019 |
| 10. | Date to Client: | Thursday 2/07/2019 |
| 11. | # Days When Answer Due: | 20 — **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| | Answer Due Date: | 2/26/2019 |
| 12. | SOP Sender:<br>(Name, City, State, and Phone Number) | Law Office of Nicholas F. Ortiz, P.C.<br>Boston, MA<br>617-338-9400 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 081 |
| 16. | Notes: | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# Commonwealth of Massachusetts

SUFFOLK, ss.

(SEAL)

TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT DEPARTMENT
CENTRAL DIVISION

CIVIL DOCKET NO. __1901CV8__

__Paul Plotkin__, PLAINTIFF(S)

v.

__Galaxy Restaurant Catering Group, LP and Galaxy GP, LLC__, DEFENDANT(S)

2019 FEB -2 AM 8:29   IN SHERIFF'S HANDS N CASTLE COUN

## SUMMONS

THIS SUMMONS IS DIRECTED TO: __Galaxy Restaurant Catering Group,__
(DEFENDANT'S NAME)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Central Division of the Boston Municipal Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response call an "Answer" to both the **Office of the Clerk/Magistrate for Civil Business, Boston Municipal Court, Central Division, 24 New Chardon Street, Boston, MA 02114**, by mail or in person, and to the individual below:

__Raven Moesinger__, at __99 High St. Ste. 304, Boston, MA 02110__
(NAME OF PLAINTIFF OR THEIR ATTORNEY)         (ADDRESS)

File the original, signed Answer with the Clerk/Magistrate. Your Answer must be delivered or mailed within 20 days from the date the summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph in the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason what you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 6/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the complaint. The Court may allow a motion permitting the Plaintiff to take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer within 20 days. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, You must still provide a written Answer to protect your rights or you may lose the case. You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time and place of an impartial hearing before a judge. The judge will hear **both sides** of any arguments and schedule any additional hearings.

9. **Required information on all filings**: The "civil docket number" appearing on the front of this notice is the case number assigned to this case and must appear on the front of your Answer. You should refer to yourself as the "Defendant."

WITNESS: Hon. Thomas C. Horgan, First Justice on ___January 4___, 20_19_.

_Daniel J Hogan_
CLERK/MAGISTRATE

NOTE: The number assigned to the Complaint by the Clerk/Magistrate at the beginning of the lawsuit shall be indicated on the summons before it is served on the Defendant.

---

**RETURN OF SERVICE**
(FOR USE BY PERSON MAKING SERVICE)

On _____, 20 ___, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named Defendant in the following manner:

☐ Last and usual at: (address)*
_____

☐ In hand.

☐ Other:

_____
(SIGNATURE)

_____
(NAME AND TITLE)

_____
(ADDRESS)

**N.B. TO PROCESS SERVER:-**
PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT AND RETURN THE ORIGINAL TO THIS COURT.

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. Chap. 223 § 31).

Rev. 6/2015

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts | |
|---|---|---|---|
| PLAINTIFF(s)<br>Paul Plotkin | DEFENDANT(s) Galaxy GP, LLC, and<br>Galaxy Restaurant Catering Group, LP | | DATE FILED<br>12/28/18 |
| **INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | | COURT DIVISION<br>Central Division, Boston Municipal Court | |

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (describe) _____ | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonable anticipated lost wages: | $ |
| F. Other documented items of damage (describe): _____ | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: | |
| For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:** | $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a) | |
| Provide a detailed description of the claim(s): non-payment of wages<br>in violation of Massachusetts law | $<br>$<br>$ |
| For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:** | $ <$25,000 |

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| SIGNATURE                                12/28/18  DATE | Galaxy Restaurant Catering Group, LP |
| PRINT OR TYPE NAME  David T. Musell      697517   BBO# | 667 N. Broad Street |
| ADDRESS  99 High St., Suite 304, Boston, MA 02110 | Philadelphia, PA 19123 |

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: _____     Date: 12/28/18

12.18

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        BOSTON MUNICIPAL COURT –
                                                    CENTRAL DIVISION

PAUL PLOTKIN,                          )
                                       )
            Plaintiff,                 )
                                       )      C. A. No.
v.                                     )
                                       )
GALAXY RESTAURANT CATERING             )
GROUP, LP and GALAXY GP, LLC,          )
                                       )
            Defendants.                )

## COMPLAINT

### I. INTRODUCTION

Plaintiff Paul Plotkin brings this action against his former employers, Galaxy Restaurant Catering Group, LP and Galaxy GP, LLC (the "Defendants") for the failure to pay wages, including overtime wages, as required by state law. The genesis of this complaint is that: (1) the Defendants failed to compensate the Plaintiff for his final two weeks of work; and (2) the Plaintiff often worked in excess of 40 hours per week, however, the Defendants failed pay him one and one-half times his regular rate for the overtime hours the Plaintiff worked.

### II. PARTIES

1. Plaintiff Paul Plotkin resides in Philadelphia, Pennsylvania.

2. Defendant Galaxy Restaurant Catering Group, LP is a foreign limited partnership organized under the laws of Delaware with a usual place of business located at 667 N. Broad Street, Philadelphia, PA 19123.

1

3. Defendant Galaxy GP, LLC is the general partner of Galaxy Restaurant Catering Group, LP and a foreign limited liability company organized under the laws of Delaware with a usual place of business located at 667 N. Broad Street, Philadelphia, PA 19123.

4. On information and belief, Galaxy GP, LLC controls, directs and participates to a substantial degree in formulating and determining the policies of Galaxy Restaurant Catering Group, LP.

5. Defendants Galaxy Restaurant Group, LP and Galaxy GP, LLC will collectively be referred to as "Galaxy" in this Complaint.

### III. JURISDICTION

6. This court has jurisdiction to address this matter pursuant to, inter alia, M.G.L. c 149, § 150, M.G.L. c. 151, §1B, and its inherent common law authority.

7. The plaintiff filed complaints regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

8. Venue is proper pursuant to M.G.L. c. 223 § 1 because none of the parties reside in Massachusetts.

### IV. FACTS

9. Galaxy is a company that sets up food programs at art museums.

10. In or around October 2018, Galaxy hired Mr. Plotkin as an executive chef at the Clark Art Institute in Williamstown, Massachusetts.

11. Galaxy agreed to compensate Mr. Plotkin for his work with a salary of $75,000.00 per year.

12. Galaxy told Mr. Plotkin that as an executive chef, his job responsibilities would include preparing foods and supervising kitchen staff.

2

13. However, Mr. Plotkin was never given the supervisory power he was promised when Galaxy offered him the job.

14. For example, Mr. Plotkin had no authority to hire or fire members of the kitchen staff.

15. Mr. Plotkin worked more than 40 hours for Galaxy in multiple workweeks.

16. In some weeks, Mr. Plotkin worked more than 60 hours for Galaxy.

17. However, at no time did Galaxy compensate Mr. Plotkin with wages at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 in a week.

18. On or around November 13, 2018, Galaxy terminated Mr. Plotkin's employment.

19. As of the date of Mr. Plotkin's termination, he had performed two weeks of work for which he had not been paid his salary.

20. Galaxy failed to pay Mr. Plotkin his final earned salary on the date of his termination.

21. A few days after his termination, Galaxy tendered a check to Mr. Plotkin in the gross amount of $4,326.92 (**net** amount of $3,094.65).

22. However, after Mr. Plotkin deposited the check, he was informed by his bank that the check had bounced due to insufficient funds, and the bank removed the funds from his account.

23. As a result of Galaxy's unlawful wage practices, Mr. Plotkin has been deprived of a substantial amount of earned wages.

## **COUNT I**

**NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §§ 1A, 1B**

24. The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

25. The defendants did not pay the plaintiff the overtime wages that he had earned, as required by law.

26. The defendants' failure to comply with M.G.L. c. 151 §§ 1A, 1B entitles the plaintiff and class members to recover three times their unpaid overtime wages, interest, reasonable attorney's fees and costs of litigation.

## COUNT II

### NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

27. The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

28. The defendants failed to pay the plaintiff the full amount of his earned wages, including overtime wages, when the same became due and payable.

29. The defendants violated the Weekly Payment of Wages Act, M.G.L. c. 149 §§ 148, 150.

30. The defendants' failure to comply with M.G.L. c. 149, §§ 148, 150 entitles the plaintiff and class members to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, §150.

WHEREFORE, the Plaintiff requests that the Court enter final judgment against the Defendants, awarding the Plaintiff:

1. Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for failure to pay earned wages;

2. Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 151, § 1A, 1B for failure to pay overtime wages;

4

3. Such other relief that the Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

PAUL PLOTKIN,
By his attorneys,

/s/ David T. Musen
David T. Musen (BBO No. 697517)
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
rm@mass-legal.com
dtm@mass-legal.com

Dated: December 28, 2018

5

FEB 0 6 2019